**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

KENDALL K. RICHARDS,

           Petitioner,           :   Case No. 2:23-cv-3544
                                       Consolidated with 2:23-cv-2595

    - vs -                           District Judge Algenon L. Marbley
                                         Magistrate Judge Michael R. Merz

JENNY HILDEBRAND, Warden,

                                    :
           Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus case under 28 U.S.C. § 2254 was brought by Petitioner Kendall Richards with the assistance of counsel.  On Respondent's Motion (ECF No. 7) and with the consent of Petitioner (ECF No. 8), Petitioner's *pro se* habeas Petition challenging the same conviction (Case No. 2:23-cv-2595) was consolidated with this case (ECF No. 9) and Petitioner filed an Amended Petition (ECF No. 10) which is now the operative pleading.

In response to the Amended Petition, Respondent filed the State Court Record (ECF No. 11), trial transcripts (ECF No. 12), and a Return of Writ (ECF No. 13).  Petitioner then filed his Traverse (ECF No. 16) in which he has withdrawn his First, Third, and Fourth Grounds for Relief. *Id.* at PageID 866.

On September 30, 2024, the Magistrate Judge reference in this case was transferred to the undersigned to help balance the Magistrate Judge workload in the District (ECF No. 17).

1

As pleaded in the Amended Petition, Richards' Second Ground for Relief reads:

> **Ground Two:**  Ineffective Assistance of Appellate Counsel
>
> **Supporting Facts:**  Appellate Counsel's decision to voluntarily dismiss Petitioner's timely-filed appeal and subsequently file an untimely appeal has deprived Petitioner of any meaningful opportunity for appellate review.

(ECF No. 10, PageID 63).

Respondent does not dispute that this claim is a constitutional claim cognizable in federal habeas corpus.  However, Respondent does assert this claim is procedurally defaulted in two ways: first, that it was untimely filed and second, that the claim was not exhausted by appeal to the Supreme Court of Ohio (Return, ECF No. 13, PageID 843-44).

Petitioner concedes that his Application to Reopen under Ohio R. App. P. 26(B) was untimely (Traverse, ECF No. 16, PageID 868).  However, he contends that the Fourth District Court of Appeals did not decide the 26(B) Application on that basis, but rather found it was without merit. *Id.* at PageID 868-69.

# Analysis

The Sixth Amendment entitles a criminal defendant to the effective assistance of counsel in his or her defense.  *Evitts v. Lucey*, 469 U.S. 387 (1985); *Penson v. Ohio*, 488 U.S. 75 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008).  The governing standard for effective assistance was enunciated in *Strickland v. Washington,* 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the

> Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.  In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice.  *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).  The *Strickland* standard applies on appeal as well as at trial.  *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776 (1987).

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

[A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009). This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004). "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)]. The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine. See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017).

As Petitioner acknowledges, the Sixth Circuit Court of Appeals requires a four-part analysis when the State alleges a habeas claim is precluded by procedural default. *Barton v. Warden, S. Ohio Corr. Facility,* 786 F.3d 450, 464 (6th Cir. 2015), *Guilmette v. Howes,* 624 F.3d 286, 290 (6th Cir. 2010)(*en banc*); *Eley v. Bagley*, 604 F.3d 958, 965 (6th Cir. 2010); *Reynolds v. Berry*, 146 F.3d 345, 347-48 (6th Cir. 1998), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986); *accord Lott v. Coyle*, 261 F.3d 594, 601-02 (6th Cir. 2001); *Jacobs v. Mohr*, 265 F.3d 407, 417 (6th Cir. 2001).

> First the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule.
>
> . . . .
>
> Second, the court must decide whether the state courts actually enforced the state procedural sanction, citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 149, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979).
>
> Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

4

> Once the court determines that a state procedural rule was not
> complied with and that the rule was an adequate and independent
> state ground, then the petitioner must demonstrate under *Sykes* that
> there was "cause" for him to not follow the procedural rule and that
> he was actually prejudiced by the alleged constitutional error.

*Maupin v. Smith*, 785 F.2d 135, 138 (6ᵗʰ Cir. 1986); accord, *Hartman v. Bagley,* 492 F.3d 347, 357

(6ᵗʰ Cir. 2007), *quoting Monzo v. Edwards*, 281 F.3d 568, 576 (6ᵗʰ Cir. 2002).

Ohio law provides that a claim of ineffective assistance of appellate counsel must be

brought by way of an Application for Reopening the Appeal under Ohio R. App. P. 26(B).  *State*

*v. Davis,* 119 Ohio St. 3d 422, 427 (2008), applying and explaining *State v. Murnahan*, 63 Ohio

St. 3d 60 (1992).  That rule requires that a 26(B) application be filed within ninety days "from the

journalization of the appellate judgment unless the applicant shows good cause for filing at a later

time."  The Fourth District Court of Appeals found that Petitioner had not shown good cause for

the late filing:

> Appellant has not shown that anything prevented him from filing an
> application to reopen within 90 days of our decision. In fact, we note
> that during that time period, counsel represented appellant and
> counsel filed a second notice of appeal rather than an application to
> reopen the first appeal.

(Entry, State Court Record, ECF No. 9-5, ¶ 8, PageID 531).  In the next paragraph, the Fourth

District rejected Petitioner's claim that his serious illness constituted good cause, noting precedent

for discounting medical excuses. *Id.* at ¶ 9.  Petitioner does not contest this finding in his Traverse.

Instead Petitioner claims the Fourth District did not enforce the 26(B) timeliness rule, the

second prong of the *Maupin* analysis.  He fixes on the concluding words stating the 26(B)

application is "without merit" and claims this means the Fourth District's decision was "on the

merits" instead of an enforcement of the timeliness rule (Traverse, ECF No. 16, PageID 868).  The

Magistrate Judge disagrees.  Concluding language that a party's position is "without merit" is

commonplace judicial rhetoric when rejecting a position.  The Fourth District's decision contains no analysis at all of the merits of his ineffective assistance of appellate counsel claim, but devotes the better part of two pages to analysis of the suggested good cause.

A state court decision can count as enforcement of a procedural bar even if the merits are analyzed in the alternative.  The Sixth Circuit has held that *Harris v. Reed,* 489 U.S. 255 (1989), does not preclude a finding that the state procedural rule was actually enforced where the state court decision also relies on an alternative ground.  *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000) Whether the state courts' decision was based on a procedural bar is a legal question.  *Combs v. Coyle,* 205 F.3d 269, 275 (6th Cir. 2000); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991)(per curiam).  The Magistrate Judge concludes the Fourth District's 26(B) decision was based entirely on its finding the application was untimely.

The timeliness rule for filing a 26(B) application is an adequate and independent state ground of decision.  *Parker v. Bagley,* 543 F.3d 859 (6th Cir. 2008); *Scuba v Brigano*, 527 F.3d 479, 488 (6th Cir. 2007)(distinguishing holding in capital cases); *Monzo v. Edwards*,  281 F.3d 568 (6th Cir. 2002); *Tolliver v. Sheets*, 594 F.3d 900 (6th Cir. 2010), *citing Rideau v. Russell*, 2009 WL 2586439 (6th Cir. 2009).

Apart from Petitioner's untimely filing of his ineffective assistance of appellate counsel claim, Respondent raises a second default:  his failure to appeal to the Ohio Supreme Court from denial of the 26(B) application.  Petitioner does not contest this default or offer any excuse for it.  Appeal to the Ohio Supreme Court was required to exhaust Petitioner's ineffective assistance of appellate counsel claim.  Failure to present an issue to the state supreme court on discretionary review constitutes procedural default.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

6

Petitioner argues the ineffective assistance of his first appellate counsel in dismissing his timely-filed appeal will excuse his procedural default.  However, before ineffective assistance of counsel can excuse a procedural default, it must itself be submitted to the state courts in proper form.  *Edwards v. Carpenter*, 529 U.S. 446 (2000).  For the reasons given above, that claim is itself procedurally defaulted.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

October 2, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.